[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION FOR MODIFICATION (#164)
1. At the time of dissolution on February 9, 1990, the court awarded the plaintiff unallocated alimony and child support of $3,950 per month based on the defendant's severance income of $150,000 per annum through March 1991. The defendant was further ordered to pay the minor child's lessons and activities fees not to exceed $150 per month. Life insurance provisions were also ordered to guarantee the payments of alimony and child support. The defendant also had interest and dividend income.
The defendant's severance payments have terminated and the defendant is still unemployed at the present time. The defendant has approximately 8 weeks remaining in unemployment compensation benefits.
The plaintiff is presently employed and is working approximately 20 hours a week. This appropriately permits the plaintiff to spend quality time with the minor child, Nicholas, especially in view of the court's orders with respect to custody and visitation.
The defendant has incurred a dramatic decrease in his income as his severance payments have now run out and his unemployment compensation benefits will terminate in 8 weeks from August 19, 1991, the date of the hearing on this motion. The defendant's unemployment compensation is $1,213.33 per month. Counsel indicated his present income is 40.54% of what it was in January 1990.
At the present time the plaintiff has a monthly net income of $941.52 (excluding the $3,950 per month unallocated alimony and child support), the defendant shows a net monthly income of $4,809.34.
Even excluding the $399.99 per month household maintenance and capital improvements, the plaintiff requires $2,139 per CT Page 7109 month for shelter expenses alone.
The defendant has individual assets of $811,162.64 and deferred assets of $389,301.05. He has liabilities of $157,612.77 and housing expenses of $1,902.79. The plaintiff on the other hand, has liquid assets of approximately $112,500 and liabilities of approximately $4,295.50.
The court has reviewed the financial affidavits of the parties and the following orders are entered:
1. The order of unallocated alimony and child support is modified to $2,450 per month retroactive to August 12, 1991, until such time as the defendant obtains full time employment.
2. The provisions for life insurance are modified to provide that the defendant shall provide and maintain $150,000 in life insurance for the benefit of the plaintiff until March 31, 1995 or the sooner death or remarriage of the plaintiff.
3. The life insurance provisions for the minor child are modified to provide that the defendant shall provide and maintain $100,000 in life insurance for the benefit of the minor child so long as the defendant has child support obligations.
4. The payment of the child's activity fees is modified to $125 per month until such time as the defendant obtains full time employment.
Coppeto, J.